CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUL 11 2019

JULIA C. DUDLEY, CLERK
BY: HMcDonald
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DARRELL FARLEY, | ) | Civil Action No. 7:18-cv-00643 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |
| HAROLD CLARKE, <u>et al.</u>, | ) | By:  Hon. Jackson L. Kiser |
|     Defendants. | ) |        Senior United States District Judge |

Darrell Farley, a Virginia inmate proceeding pro se, commenced this action pursuant to 42 U.S.C. § 1983 against more than 20 officials and employees of the Virginia Department of Corrections. The court conditionally filed Farley's complaint, advised him that the complaint did not "state [any] claim upon which relief may be granted because . . . [it] FAILS TO CONNECT ANY DEFENDANT TO THE CONDUCT OF WHICH HE COMPLAINS." (Order ¶ 2, [ECF No. 17]). Accordingly, the court directed Farley to file a new pleading that would support his claims "with specific acts committed by specific defendants." Id. The court notified Farley that the amended complaint

> **must be a new pleading that stands by itself without reference to a complaint, attachments, or amendments already filed. Plaintiff's filings to date will not be considered by the court and should not be referenced by plaintiff in the proposed amened complaint.** The court requires plaintiff's proposed amendment to conform to the Federal Rules of Civil Procedure 8 and 10. A key component of a civil complaint is "a short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). This provision requires that a civil plaintiff must state not only the legal conclusion that he believes he can prove against the defendant, but also must state facts "showing" what the defendant did that allegedly violates plaintiff's rights. The court will review the proposed amended complaint upon its filing to determine whether the court shall accept it under Rule 15 of the Federal Rules of Civil Procedure. **FAILURE TO AMEND THE COMPLAINT WITHIN FOURTEEN (14)**

DAYS FROM THE DATE OF THIS ORDER, TO CORRECT THE NOTED
DEFICIENCIES, SHALL RESULT IN DISMISSAL OF THE COMPLAINT.

Id. at 2-3. The court's order provided lengthy quotations from Rules 8 and 10 and described the requirements a plaintiff must follow to comply with these rules.

In response to the court's order, Farley has filed an amended complaint, again naming 18 prison officials as defendants. He states that he is an LGBTQ inmate with mental health problems. He claims that: (a) all the defendants retaliated against him for standing up for LGBTQ rights by failing to protect him from being sexually assaulted by another inmate on November 16, 2018; (b) all the defendants "fail[ed] to administer an adequate remedy to meet standard minimum constitutional standards"; (c) all the defendants "failed to adhere to their own grievance procedure"; (d) all the defendants deprived Farley of his "fast acting asthma inhaler" for forty days and denied him showers for eight days, in retaliation for his reporting of "alleged sexual abuse"; (e) Agent Wagner threatened Farley with charges if he continued to stand up for LGBTQ rights and against prison rape; (f) the defendants allowed Farley to become a victim under the "Gender Motivated Crimes Act"; and (g) the defendants failed "to adhere with the Prison Rape Elimination Act policy and federal mandate of a zero tolerance procedure to be adopted." Am. Compl. 3-4, ECF No. 18.

Section 1983 permits an aggrieved party to file a civil action against a person for actions taken under color of state law that violated his constitutional rights. Cooper v. Sheehan, 735 F.3d 153, 158 (4th Cir. 2013). Thus, a viable § 1983 claim requires factual detail in the complaint about each defendant's personal actions that violated the plaintiff's constitutional rights. See, e.g., Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that under § 1983, "liability will

only lie where it is affirmatively shown that the official charged acted personally in the deprivation of the plaintiff['s] rights"). Under the Federal Rules of Civil Procedure, enough facts in support of a plaintiff's claims must be included in the complaint itself. See Fed. R. Civ. P. 8, 10. The complaint must plead facts sufficient to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal citations and quotation marks omitted).

Farley's amended complaint fails to meet the requirements of Rules 8 and 10 and thus does not state a plausible claim under § 1983 against any defendant. He does not describe with any particularity any action involving him that any individual defendant took or failed to take on any particular date or dates. He does not show how defendants' actions or policies caused him harm. He does not state how or when he stood up for LGBTQ rights, or how or when Agent Wagner allegedly "threatened" him with charges over that conduct. Rather, the amended complaint makes merely conclusory assertions and legal conclusions. Thus, Farley has not provided sufficient details about his claims to allow any defendant to respond, despite the court's express direction to provide such details. See Twombly, 550 U.S. at 555 (noting that complaint must give defendants "fair notice of what [plaintiff's] claim[s are] and the grounds upon which [they] rest[ ]") (citation omitted).

For the stated reasons, Farley has not complied with the court's order to connect the defendants to the conduct about which he complains. I will summarily dismiss this case accordingly. Because it is possible for Farley to cure the pleading's deficiencies and continue the

litigation in a future, separate action, the dismissal will be without prejudice. See, e.g., Domino Sugar Corp. v. Sugar Workers Local Union 392, 16 F.3d 1064, 1066-67 (4th Cir. 1993). An appropriate order will enter this day.

The clerk will send a copy of this memorandum opinion and the accompanying order to the plaintiff.

**ENTERED** this 11th day of July, 2019.

SENIOR UNITED STATES DISTRICT JUDGE